```
          IN THE UNITED STATES DISTRICT COURT
              WESTERN DISTRICT OF ARKANSAS
                    HARRISON DIVISION
```

**STATE VOLUNTEER MUTUAL INSURANCE**
**COMPANY**                                                    **PLAINTIFF**

        **v.**        **Civil No. 06-3007**

**STEPHEN R. MAES, M.D.; STEPHEN**
**R. MAES, M.D., P.A.; CONSTANCE**
**MELLANG; JAMES MELLANG; and**
**ANA DARNELL**                                                **DEFENDANTS**

<u>**MEMORANDUM OPINION**</u>

    Now on this 5th day of May, 2006, comes on for consideration plaintiff's **Motion For Summary Judgment** (document #6), and from said motion, the supporting documentation, and others matters appearing, the Court finds and orders as follows:

    1.  Plaintiff brings this declaratory judgment action seeking a declaration that it has no liability under a policy of professional liability insurance issued to defendant Maes for claims made against him by defendants Mellang and Darnell.

    Plaintiff now moves for summary judgment. Defendants have elected not to respond.

    2.  Summary judgment should be granted when the record, viewed in the light most favorable to the nonmoving party, and giving that party the benefit of all reasonable inferences, shows that there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. **<u>Walsh v. United States</u>**, **31 F.3d 696 (8th Cir. 1994).** Summary judgment is not appropriate unless all the evidence points toward one conclusion, and is

susceptible of no reasonable inferences sustaining the position of the nonmoving party. **Hardin v. Hussmann Corp.**, **45 F.3d 262 (8th Cir. 1995).** The burden is on the moving party to demonstrate the non-existence of a genuine factual dispute; however, once the moving party has met that burden, the nonmoving party cannot rest on its pleadings, but must come forward with facts showing the existence of a genuine dispute. **City of Mt. Pleasant, Iowa v. Associated Electric Co-op**, 838 F.2d 268 (8th Cir. 1988).

3. Pursuant to **Local Rule 56.1**, plaintiff filed a Statement Of Material Facts To Which There Is No Genuine Issue To Be Tried. There being no response or objection thereto, the facts therein set forth, as follows, are accepted as true:

* Plaintiff State Volunteer Mutual Insurance Company ("SVMIC") issued medical professional insurance policy No. 91-1881 (the "Policy") to Dr. Stephen Maes.

* The Policy was in effect from February 22, 2004, through February 22, 2005.

* The Policy provided coverage for "[a]ny medical incident which occurs after the retroactive date and which is first reported during the policy period." "Medical incident" is defined as an act or omission "arising out of the rendering of . . . professional services."

* On September 17, 2004, a complaint was filed in the Circuit Court of Boone County, Arkansas, styled and numbered

Constance Mellang and James Melland, husband and wife v. Dr. Stephen Maes and Stephen R. Maes, M.D. P.A., number CV2004-360-1 (the "Mellang Complaint"). The Mellang Complaint alleges that Dr. Maes made sexually suggestive statements to, and kissed and fondled, Constance Mellang during the course of two office visits on August 16, 2002, and September 18, 2002.

* On June 24, 2005, a complaint was filed in the Circuit Court of Boone County, Arkansas, styled and numbered Ana Darnell v. Dr. Stephen Maes and Stephen R. Maes, M.D. P.A., number CV2005-249-3 (the "Darnell Complaint"). The Darnell Complaint alleges that Dr. Maes made sexually suggestive statements to and fondled Ana Darnell over the course of six appointments between May 24, 2002, and September 19, 2002.

* Neither the Mellang Complaint nor the Darnell Complaint alleges that the conduct of Dr. Maes therein complained of arose out of the rendition of professional services by Dr. Maes, and neither Complaint alleges that any injury or damages arose out of the rendition of professional services by Dr. Maes.

3. SVMIC contends that neither the Mellang Complaint nor the Darnell Complaint allege a medical injury as that term is used the Arkansas Medical Malpractice Act, **A.C.A. §16-114-201 et seq.**, or a medical incident as that term is defined in the Policy, and there is, therefore, no coverage under the Policy. The Court concludes that this argument has merit.

In **McQuay v. Guntharp, 336 Ark. 534, 986 S.W.2d 850 (1999)**, the Arkansas Supreme Court held that "the act of a physician fondling a woman's breasts during an examination . . . does not fall within the parameters of 'professional services being rendered by a medical care provider' under section 16-114-201(3)."

Since the Policy only covers damages arising out of medical incidents, and medical incidents must by definition arise out of the rendition of professional services, this Court finds that the Policy does not cover the allegations that the Mellangs and Darnell sustained damages arising out of the fondling of Constance Mellang and Ana Darnell during examinations, such not being the rendition of professional services under Arkansas law. The same reasoning would apply to the making of sexually suggestive comments as alleged in the Mellang and Darnell Complaints.

4. For the reasons stated above, the Court finds that plaintiff's **Motion For Summary Judgment** (document #6) should be, and same hereby is, **granted**. In accordance with **F.R.C.P. 58(a)**, a Judgment based on the foregoing findings will be entered contemporaneously herewith.

**IT IS SO ORDERED.**

                                            /s/ Jimm Larry Hendren
                                        **JIMM LARRY HENDREN**
                                        **UNITED STATES DISTRICT JUDGE**